IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JERRY TYRONE HASTY, PRO SE, | § | |
| also known as | § | |
| JERRY TYRONE HASTY HALIBURTON, | § | |
| TDCJ-CID No. 1142541, | § | |
| Previous TDCJ-CID No. 538768, | § | |
| Previous TDCJ-CID No. 338484, | § | |
| Previous TDCJ-CID No. 370549, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:09-CV-0077 |
| | § | |
| NATHANIEL QUARTERMAN, et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL
ANALYZING NEW CLAIMS ASSERTED IN OBJECTIONS TO
REPORT AND RECOMMENDATION AND OVERRULING OBJECTIONS**

Plaintiff JERRY TYRONE HASTY, also known as JERRY TYRONE HASTY HALIBURTON, while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, filed suit pursuant to Title 42, United States Code, section 1983 complaining against thirty-three defendants employed by or otherwise associated with the Texas Department of Criminal Justice and has been granted leave to proceed *in forma pauperis*.

On September 30, 2009, a Report and Recommendation was issued by the United States Magistrate Judge analyzing plaintiff's claims and recommending dismissal with prejudice as frivolous and for failure to state a claim on which relief can be granted.

Plaintiff filed his Objections on October 19, 2009. By his Objections, plaintiff presents additional facts which are analyzed herein.

Plaintiff alleges for the first time that the case he received for falling asleep and failing to present identification during the count was actually written by defendant ADAMS, not defendant HEIB.  Plaintiff asserts new facts and contends his claim against defendant HEIB stems from a disciplinary case she wrote him on December 5, 2007 for failing to obey an order to place both hands on the wall.  Plaintiff's own account of the incident shows he repeatedly refused orders to place his second hand on the wall, saying it would increase his chest pain.  Although plaintiff finally relented and placed both hands on the wall, by then defendant HEIB had called medical and determined plaintiff's ribs were not, in fact, broken, and plaintiff had caused a substantial delay with his previous refusals.  The Disciplinary Report and Hearing Record of that case, submitted by plaintiff with his Objections, shows the hearings officer spoke with defendant MILLER who advised plaintiff received several orders to place his hands on the wall before he finally complied.  The Report also shows plaintiff had failed to attend his medical appointment regarding his ribs on November 20, 2007, two weeks before the date of the disciplinary incident.  The facts presented by plaintiff fail to state a claim against defendant HEIB.

Moreover, even if HEIB's case were false, a contention which plaintiff's own allegations disprove, there is no longer a freestanding section 1983 claim for malicious prosecution in this circuit.  *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003).  Thus, an inmate's claim that an officer initiated disciplinary proceedings against him without probable cause does not state a claim.  *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003).

Plaintiff attempts to claim retaliation by saying defendant MILLER threatened him if he didn't place his hands on the wall and that this was retaliation against him for a July 10, 2005 grievance plaintiff had written against him.  A grievance written two and one-half years earlier

2

does not establish a timeline which will support a claim of retaliation, and plaintiff has alleged no fact directly supporting his claim of retaliatory intent by MILLER.  Plaintiff has utterly failed to state a claim of any sort against defendant MILLER.

Plaintiff also alleges a grievance he wrote against defendants BURR and CARERA for making verbal threats to him was never processed or returned.  This allegation fails to state a claim against any defendant.

Plaintiff explains that, as Supervisor of Medical Records, defendant DIANA COLE knew his medical restrictions and agreed with him as to their substance when he reviewed his records with her.  Plaintiff has alleged no act or omission by defendant COLE which violated his constitutional rights.

Plaintiff also alleges defendant GLOVER gave him a back brace and didn't document it.  Plaintiff does not allege that he was harmed by this or how it amounted to anything other than, at most, negligence.  Plaintiff has not stated a claim of constitutional dimension against defendant GLOVER.

As to defendant MAES, plaintiff states MAES intentionally used the door as a weapon against plaintiff and was looking at plaintiff's when he shut the door.  Plaintiff does not allege how he knows MAES was looking at him as he shut the door or any fact that makes him think MAES was anything other than merely negligent.  Conclusory allegations of malice are insufficient  to maintain a section 1983 claim.  *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18, 102 S.Ct. 2727, 2737-38, 73 L.Ed.2d 396 (1982); 69 F.3d 28, 33 (5th Cir. 1995).  A plausible entitlement to relief exists when the allegations in the complaint cross the thresholds separating the "conclusory" from the "factual" and the "factually neutral" from the "factually suggestive."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, ___ n.5, 127 S.Ct. 1955, 1966 n.5, 167 L.Ed.2d 929 (2007). Plaintiff has not presented factual allegations sufficient to support his claim of malice by defendant MAES and, thus, has failed to state a retaliation claim against this defendant on which relief can be granted.

Lastly, to the extent plaintiff is suing any or all of the defendants for verbal harassment or threats, mere allegations of verbal abuse do not present an actionable section 1983 claim. *Bender v. Brumley*, 1 F.3d 271, 274 (5th Cir. 1993). Further, mere threatening language and gestures of a custodial officer do not amount to a constitutional violation. *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.); *cert. denied*, 464 U.S. 998, 104 S.Ct. 499, 78 L.Ed.2d 691 (1983)(quoting *Coyle v. Hughs*, 436 F.Supp. 591, 593 (W.D.Okla. 1977)). Therefore, a claim based on verbal harassment or threatening language lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

The Court has made an independent examination of the records in this case and has examined the Magistrate Judge's Report and Recommendation, as well as the Objections filed by the plaintiff.

The Court is of the opinion that the objections of the plaintiff should be OVERRULED and the Report and Recommendation of the United States Magistrate Judge should be ADOPTED by the United States District Court, as supplemented herein.

This Court, therefore, does OVERRULE plaintiff's objections, and does hereby ADOPT the Report and Recommendation of the United States Magistrate Judge, as supplemented herein.

IT IS THEREFORE ORDERED that this Civil Rights Complaint is DISMISSED WITH PREJUDICE AS FRIVOLOUS and WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

IT IS SO ORDERED.

SIGNED AND ENTERED this 26th day of October, 2009.

/s/ MARY LOU ROBINSON
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE